## ADAMSON v. RASMUSSEN
## VANCE v. SAME

(Nos. 1928 and 1929; May 5, 1936; 57 Pac. (2d) 108)

For the defendant and appellant, the cause was submitted on the brief of *J. R. Sullivan* and *T. H. Barratt* of Laramie.

482

For the plaintiffs and respondents, the cause was submitted on the brief of *Alfred M. Pence* of Laramie.

RINER, Justice.

These two cases, commenced in justice court, taken thence on appeal to the district court of Albany County and re-tried there de novo, are now here by the direct appeal method of review procedure. The cases were tried together in the district court, by stipulation but one record was made and filed on appeal and the cases have been briefed here as one. Consequently one opinion will suffice to dispose of both, this being the more readily done, as the record, in our view of it, presents questions determinable by principles thoroughly well established in our appellate practice.

The litigation arose upon substantially the following facts: Adamson began working as an employee in the bakery shop of Rasmussen on March 8, 1933. Vance started to work there on June 28, 1933. Adamson at first was paid $8.00 a week; about April or May following his wages were increased to $10.00, in June or July to $12.00, and, finally, about August 1st, he was given another raise in pay to $14.00 a week, and he was paid at this rate until his employment terminated on March 20, 1934. Vance at first received $10.00 per week for his work, and about August 1, 1933, he also was given by Rasmussen an increase in pay to $14.00 a week, which compensation he continued to receive until the conclusion of his employment, which likewise occurred on March 20, 1934. These men worked for Rasmussen, Adamson as a baker and Vance as a helper, though there is a dispute in the record as to their qualifications as such.

About the first of August, 1933, Rasmussen, the employer of these two men, signed the "President's Re-employment Agreement," a form of agreement issued under date of July 27, 1933, by the President of the United States to "Every Employer," under the authority of the National Industrial Recovery Act. (June 16, 1933, 48 Statutes at Large 195, U. S. C. A. § 701, et

seq.) Thereby Rasmussen, as this instrument recites, among other things, agreed with the President:

"(3) Not to employ any factory or mechanical worker or artisan more than a maximum week of 35 hours until December 31, 1933, but with the right to work a maximum week of 40 hours for any 6 weeks within this period; and not to employ any worker more than 8 hours in any 1 day."

and also:

"(6) Not to pay any employee of the classes mentioned in paragraph (3) less than 40 cents per hour unless the hourly rate for the same class of work on July 15, 1929, was less than 40 cents per hour, in which latter case not to pay less than the hourly rate on July 15, 1929, and in no event less than 30 cents per hour. It is agreed that this paragraph establishes a guaranteed minimum rate of pay regardless of whether the employee is compensated on the basis of a time rate or on a piecework performance."

Subsequent to August 25, 1933, so Adamson testified in the district court, Rasmussen told him and Vance a number of times that he would pay them N. R. A. wages, but never did, saying repeatedly that the bakers had not arrived at the proper wage schedule, and that he always had an excuse for not paying them more. On cross-examination, Vance also gave testimony that Rasmussen told him and Adamson that he would pay them N. R. A. wages; that Rasmussen kept telling them this four or five times; that he continued to pay them only $14.00 per week, but said that as soon as "they got things straightened around he would pay more," but he never did.

About December, 1933, the work in the bakery shop seems to have materially decreased in amount, and the employees were required to devote less time to their work, until March 20, 1934, when Rasmussen himself terminated their employment finally, and personally did the work of the shop. He testified in the court

below that there was never any understanding between him and these two employees that he was to pay them by the hour.

Adamson and Vance brought these actions to recover the difference between what they received and what they claimed they were to be paid between August 25, 1933, and March 20, 1934, as compensation for their work in the bakery shop.

The plaintiffs each recovered judgments in the justice court, and on re-trial in the district court, judgments were again entered in their favor. Relative to Adamson's matter, that court found that Rasmussen "agreed to pay to the plaintiff, Harry Adamson, beginning August 25, 1933, and until March 20, 1934, forty cents per hour, that the plaintiff performed labor for said defendant under said contract during said time for a total of 1,360 hours," and judgment thereon, as the difference between the amount due and the amount received by Adamson, was given for $190.30. Concerning Vance's claim, the finding was that Rasmussen "agreed to pay to the plaintiff, Robert Vance, beginning August 25, 1933, and until March 20, 1934, thirty cents per hour, that the plaintiff performed labor for said defendant under said contract during said time for a total of 1,326 hours," and judgment for him was fixed at $44.10, the difference found between the amount due him and the amount he actually received.

We do not deem it necessary to discuss the effect of the appellant's execution of the "President's Re-employment Agreement," referred to above, viewed as a contract, on which action might be brought at the instance of employees regarded as third beneficiaries, although this phase of these cases has been argued at some length in the briefs of the parties. It is clear that there is substantial evidence to support the find-

ing of the trial court that Rasmussen agreed directly with his two employees, that he would pay them the N. R. A. wages, these being, under the evidence in the case, forty cents per hour for Adamson and thirty cents per hour for Vance. True Rasmussen denies that he ever made any such agreement, but this merely produced a conflict in testimony on a question of fact which the trial court could, as we have so often indicated in the past, resolve, as was done. The same can be said of any question of waiver asserted on account of the employees continuing to accept the weekly wage schedule of $14.00 paid them by Rasmussen.

Our conclusion must therefore be that the judgment in each of these cases should be affirmed.

*Affirmed.*

KIMBALL, CH. J., and BLUME, J., concur.